# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| EARL LANGHAM, JR., <br> *Plaintiff* | § <br> § <br> § | |
| v. | § <br> § | Case No. 1:20-CV-01080-LY-SH |
| STATE OF TEXAS, ET AL., <br> *Defendants* | § <br> § <br> § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Earl Langham, Jr.'s Complaint. Dkt. 1. The District Court referred all pending and future nondispositive and dispositive motions to the undersigned Magistrate Judge for resolution and Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   Background

On January 5, 2021, the Court ordered Plaintiff to submit either the filing fee of $402 or a completed application to proceed *in forma pauperis* within thirty days. Dkt. 4. The Court also warned Plaintiff that failure to comply with the Court's Order may result in dismissal of this case for want of prosecution. *Id*. Plaintiff failed to timely submit a filing fee or complete an application to proceed *in forma pauperis*. Instead, he filed a copy of the Court's Order and a blank application containing extraneous handwritten comments and drawings. Dkt. 6.

A district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any order of court under Federal Rule of Civil Procedure 41(b). *McCullough v. Lynaugh*, 835 F.2d

1

1126, 1127 (5th Cir. 1988). Because Plaintiff failed to abide by a Court Order and to prosecute his case, the Magistrate Judge recommends that this case be dismissed.[1]

## II.     Recommendation

The undersigned therefore **RECOMMENDS** that the District Court **DISMISS** Earl Langham, Jr.'s case without prejudice pursuant to Rule 41(b).

## III.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 5, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has had several opportunities to become familiar with the Court's procedures. *See Langham v. Fuentes,* 1:19-cv-00938-RP (W.D. Tex. July 27, 2020) (dismissing case due to Plaintiff's lack of capacity to sue on behalf of others), *appeal dismissed*, No. 20-50662 (5th Cir. Oct. 2, 2020); *Langham v. Freedom Mortgage*, 1:19-CV-937-LY (W.D. Tex. Nov. 19, 2019) (dismissing with prejudice criminal conspiracy case under FED. R. CIV. P. 12(b)(6) for failure to state a claim); *Langham v. Hill*, 1:19-CV-763-RP (W.D. Tex. July 26, 2019) (dismissing with prejudice criminal conspiracy lawsuit under FED. R. CIV. P. 41(b)), *appeal dismissed*, No. 19-50934 (5th Cir. Dec. 6, 2019).